**SO ORDERED.**

Dated: June 1, 2022

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA



## Minute Entry

*Madeleine C. Wanslee*
**Madeleine C. Wanslee, Bankruptcy Judge**

### Hearing Information:

| | |
|---|---|
| **Debtor:** | LEIF MICHAEL ANDERSEN |
| **Case Number:** | 2:21-BK-06102-MCW  **Chapter:** 7 |
| **Date / Time / Room:** | WEDNESDAY, JUNE 01, 2022 11:00 AM  VIDEO CONF HRGS |
| **Bankruptcy Judge:** | MADELEINE C. WANSLEE |
| **Courtroom Clerk:** | TAYLER CARTER |
| **Reporter / ECR:** | MICHELLE RADICKE-STEVENSON |

### Matter:

TRUSTEE'S OBJECTION TO MOTION TO COMPEL ABANDONMENT
**R / M #:** 63 / 0

### Appearances:

ANTHONY R. MONTOYA, ATTORNEY FOR LEIF MICHAEL ANDERSEN
LEIF MICHAEL ANDERSEN, DEBTOR
TERRY A. DAKE, ATTORNEY FOR TRUSTEE

# Minute Entry

(continue)... 2:21-BK-06102-MCW          WEDNESDAY, JUNE 01, 2022 11:00 AM

## *Proceedings:*

The Court expresses its concerns regarding the relief requested in the parties' papers.

Mr. Montoya argues his position. He responds to the Court's questions. The property is exempt and should not be included or compelled to be turned over to the bankruptcy estate.

Mr. Dake argues his position. He responds to the Court's questions. He does not believe his office received a 2019 tax refund. He asks the Court to deny the Debtor's motion to compel abandonment.

Mr. Andersen responds to the Court's questions. He will send a copy of his 2019 tax return to Mr. Montoya and verify if he received a 2019 tax refund.

COURT: THE COURT URGES MR. ANDERSEN TO CONTINUE HIS COOPERATION WITH MR. DAKE AND MONTOYA. MR. DAKE SHALL SEND AN EMAIL INDICATING THE REQUESTED MISSING TAX RETURN INFORMATION, IF ANY, TO THE PARTIES ON OR BEFORE **FRIDAY, JUNE 03, 2022**. MR. MONTOYA SHALL PROVIDE THE INFORMATION ON OR BEFORE **WEDNESDAY, JUNE 08, 2022**.

THE COURT COMMENTS THAT THE DEBTOR'S SCHEDULES AND STATEMENTS WERE DIFFICULT TO INTERPRET BECAUSE THEY DID NOT INCLUDE ACCOUNT NUMBERS FOR THE MULTIPLE ACCOUNT LISTED. THE VAGUE INFORMATION IN THE SCHEDULES UNDULY COMPLICATED THIS MATTER AND INCREASED BOTH THE TRUSTEE'S AND THE COURT'S WORK. DEBTOR'S COUNSEL IS INSTRUCTED TO PREPARE MORE ACCURATE AND COMPLETE SCHEDULES IN THE FUTURE. THE COURT ALSO NOTES THAT DEBTOR'S MOTION REFERRED TO AN INCORRECT BANK ACCOUNT NUMBER. HOWEVER, UPON REVIEWING THE PAPERS FILED BY THE TRUSTEE THE COURT WAS ABLE TO DETERMINE THE CORRECT ACCOUNT NUMBERS.

THE COURT DENIES THE DEBTOR'S MOTION TO COMPEL ABANDONMENT BECAUSE IT SEEKS TO ABANDON PROPERTY THAT IS NO LONGER PROPERTY OF THE ESTATE. THE ACCOUNT AT ISSUE ENDS IN 1948. IT IS LISTED ON DEBTOR'S SCHEDULES A/B AND C AS ITEM 17.4 AND DESCRIBED AS "ARIZONA BANK & TRUST; SPOUSE'S BANK ACCOUNT." DEBTOR'S SCHEDULE C ASSERTED THAT THE ACCOUNT WAS EXEMPT UNDER FSA SEC. 222.25(4) AND THE FLORIDA CONSTITUTION. ALTHOUGH THE TRUSTEE FILED AN OBJECTION TO EXEMPTIONS, IT DID NOT REFER TO THAT SPECIFIC STATUTE OR THE FLORIDA CONSTITUTION. THE OBJECTION ALSO DID NOT INCLUDE ACCOUNT NUMBERS, LIKELY BECAUSE THE TRUSTEE DID NOT HAVE THAT INFORMATION AT THE TIME OF THE OBJECTION. IT ALSO DID NOT INCLUDE ANY ITEM NUMBERS FROM SCHEDULES A/B OR C. HOWEVER, THE OBJECTION DID CITE TO OTHER SPECIFIC STATUTES ON WHICH THE EXEMPTION CLAIMS WERE MADE. MORE THAN 30 DAYS HAVE PASSED SINCE THE MEETING OF CREDITORS. THEREFORE, ACCOUNT NO. 1948 BECAME EXEMPT AND WAS REMOVED FROM THE BANKRUPTCY ESTATE BEFORE THE TRUSTEE FILED HIS MOTION TO COMPEL TURNOVER. ACCORDINGLY, THE ORDER GRANTING THE TRUSTEE'S MOTION TO COMPEL TURNOVER COULD NOT APPLY TO THE ACCOUNT ENDING IN 1948, WHICH WAS NO LONGER PROPERTY OF THE ESTATE. THE ORDER GRANTING THE TRUSTEE'S MOTION TO COMPEL OTHERWISE REMAINS IN FULL FORCE AND EFFECT AND DEBTOR IS INSTRUCTED TO COMPLY WITH THE TRUSTEE AND COUNSEL.